UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JOSEPH C.,[1]                                    )
                                                 )
                     Plaintiff,                  )
                                                 )
             v.                                  )        No. 2:25-cv-00357-JPH-MJD
                                                 )
FRANK J. BISIGNANO,                              )
                                                 )
                     Defendant.                  )

**REPORT AND RECOMMENDATION**

Claimant Joseph C. requests judicial review of the final decision of the Commissioner of

the Social Security Administration ("SSA") denying his applications for disability benefits and

supplemental security income.  In this action, Claimant challenges the Administrative Law

Judge's decision to dismiss his benefits applications due to his failure to appear at the

administrative hearing, of which Claimant had received advance written notice.  Claimant argues

that the ALJ should have given him an opportunity to show good cause for his absence before

dismissing his applications.

Judge James P. Hanlon has designated the undersigned Magistrate Judge to issue a report

and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  [Dkt. 18.]  For the reasons set forth

below, the Magistrate Judge **RECOMMENDS** that the Court **AFFIRM** the decision of the

Commissioner.

---

[1] To protect the privacy interests of claimants for Social Security benefits, and consistent with the
recommendation of the Court Administration and Case Management Committee of the Administrative
Office of the United States Courts, the Southern District of Indiana has opted to use only the first names
and last initials of non-governmental parties in its Social Security judicial review opinions.

## I. Background

Claimant applied for benefits in February 2023.  [Dkt. 10-2 at 87.]  He claimed that he could not work because of anxiety, pacemaker-heart issues, diabetes, high blood pressure, and cholesterol.  *Id.* at 30, 34.  His benefits applications were denied initially in October 2023.  *Id.* at 15-23.  In January 2024, he sought leave from SSA to file a belated appeal, claiming that he had not received notice of the benefits denials and appeal deadline in the mail.  *Id.* at 24.  He was granted leave to file a belated appeal, and his benefits applications were denied on reconsideration in September 2024.  *Id.* at 28-34.

Claimant then requested a reconsideration hearing before an Administrative Law Judge ("ALJ").  *Id.* at 35-36.  *Id.*  On October 1, 2024, Claimant was mailed a letter explaining the hearing process and things that he should do to get ready for the hearing.  *Id.* at 37-52.  On October 11, 2024, Claimant requested that the hearing be conducted by video conference via Microsoft Teams.  *Id.* at 59.  During a phone call on October 21, 2024, Claimant confirmed his mailing address and provided his email address for further contact.  *Id.* 64.  Claimant stated during that phone call that he was represented by attorney Rhea Jones-Price, but the SSA representative told him that no attorney had submitted an Appointment of Representative on his behalf and that his attorney therefore would not be able to access his records until the attorney submitted that paperwork.  *Id.*  The SSA representative told Claimant to "[p]lease stay on top of the paperwork to be submitted."  *Id.*

On November 22, 2024, the ALJ mailed Claimant a Notice of Hearing to his residence.  *Id.* at 66-71.  The Notice of Hearing provided the time and date of the hearing (March 12, 2025, at 1:45 Central Time).  *Id.* at 66.  The Notice of Hearing warned Claimant, "I have set aside time for you to tell me about your case.  If you do not attend the hearing, I may dismiss your request

for hearing unless I find that you had a good reason for not attending." *Id.* The Notice of Hearing provided Claimant with a phone number to call if he needed to request that the hearing be rescheduled. *Id.* at 67. On December 10, 2024, Claimant acknowledged his receipt of the Notice of Hearing and agreed to attend the scheduled hearing. *Id.* at 77. The acknowledgement stated, "Your request for a hearing may be dismissed if you do not attend the hearing and cannot give a good reason for not attending." *Id.*

On February 12, 2025, Claimant was mailed a "Notice of Hearing – Important Reminder" to his same residence. *Id.* at 81. This document reminded Claimant of the time and date of the hearing, which had not changed. *Id.* It provided detailed instructions on how to attend the hearing via Microsoft Teams. *Id.* It provided him with a phone number to call if he was unable to connect by to the video conference on the day of the hearing or if "some unexpected problem arises." *Id.* It warned Claimant, "If neither you nor your representative (if you have one) attends the hearing, the ALJ may **dismiss** your request for hearing, without further notice, unless the ALJ finds that you have a good reason for not attending." *Id.* (emphasis in original).

On March 10, 2025, Claimant received an email at the email address he had given SSA that again reminded him of the time and date of the hearing. *Id.* at 83-84. The email provided him with technical instructions on how to attend the hearing via Microsoft Teams, provided him with a link to a webpage with helpful information about Microsoft Teams, and provided him with a phone number to call if he had any questions. *Id.*

Claimant did not appear at the hearing on March 12, 2025. *Id.* at 12. The next day, the ALJ issued a written Order of Dismissal. *Id.* at 12-13. In that Order, the ALJ explained:

> The undersigned has considered the factors set forth in 20 CFR 404.957(b)(2) and 416.1457(b)(2) and finds that there is no good cause for the failure to appear at the time and place of the hearing. The claimant speaks and understands English. The claimant has at least a high school education and physical and mental

3

limitations. However, the evidence supports a finding that the claimant knew about and understood the need to appear at the hearing and was not prevented from doing so. It should be noted that the claimant has a high school education. The claimant requested an online video hearing using Microsoft Teams. The claimant returned the acknowledgement of receipt indicating that he would be available by online video at the time shown on the Notice of Hearing. In that form the claimant agreed that if he was not available, he would immediately notify the Hearing Office. Exhibits 12B and 14B provided claimant the Notice of Hearing and an Important Reminder. Finally, on March 10, 2025, a[n] email reminder was sent to the claimant providing additional information regarding the hearing by online video. Despite this, the claimant failed to appear for his hearing, and failed to notify the Hearing Office of his unavailability. Based on the evidence of record, there is no good cause for the claimant's failure to appear.

*Id.* at 13.

Attorney Joseph Wambach represented Claimant on a request for review before the Appeals Council. *Id.* at 4-8. His appeal request argued:

Before dismissing the request for hearing, the ALJ has a duty to 'first develop whether there is good cause' for missing the scheduled hearing. (see POMS HA 0124.025, 20 CFR 404.957(b) and 416.1467(b))[.] Here the ALJ did not send a notice to show cause after the missed hearing. Because the ALJ did not solicit a response, the ALJ could not possibly have considered any reason the claimant may have had for missing the hearing date. The ALJ's dismissal order should be reversed and the matter remanded to the OHO for a new hearing.

*Id.* at 6.

The Appeals Council denied Claimant's request for review on May 28, 2025. *Id.* at 1-4. Claimant then filed a timely request for judicial review of the Commissioner's decision in this Court on July 30, 2025. [Dkt. 1.]

## II. Discussion

Before proceeding to the question presented for judicial review, the Court first considers whether judicial review is allowed in this case in light of the fact that the ALJ never held a hearing on the merits of Claimant's applications and instead dismissed Claimant's benefits applications on procedural grounds for failing to appear at the administrative hearing.

4

"The Social Security Act allows for judicial review of 'any final decision . . . made after a hearing' by the Social Security Administration (SSA)." *Smith v. Berryhill*, 587 U.S.C. 471, 474 (2019) (quoting 42 U.S.C. § 405(g)).  The Supreme Court has previously held that a dismissal on procedural grounds by the Appeals Council after an ALJ has held an administrative hearing and denied benefits on the merits is a final decision subject to judicial review.  *Smith*, 587 U.S.C. at 478-79.

The Supreme Court has not spoken on the specific situation presented here—whether judicial review is available to a claimant whose benefits applications were denied by the ALJ on procedural grounds without ruling on the merits.  *See Id.* at 483 n. 17 (Although in such a circumstance, "a claimant would not have received a 'hearing' at all, the Court's precedents also make clear that a hearing is not always required.  Because such a situation is not before us, we do not address it.") (internal citation omitted).  The Supreme Court has noted, however, that the Social Security Act is "designed to be unusually protective of claimants," that the Court presumes that Congress intended for judicial review of errors under "this claimant-protective statute," that there is in general a "strong presumption that Congress intends judicial review of administrative action," and that "the burden for rebutting [that presumption] is heavy." *Id.* at 482-83 (internal quotations removed).

Multiple federal courts have granted judicial review of the question currently before this Court.  *See*, *e.g.*, *Williams v. Kijakazi*, 2022 WL 428773 (S.D.N.Y. Jan. 31, 2022)  (affirming the ALJ's dismissal of claimant's benefits application for failing to appear at the administrative hearing without first providing the claimant with an opportunity to show cause); *Curlee v. O'Malley*, 2024 WL 2103275 (9th Cir. May 10, 2024) (affirming dismissal after claimant failed to respond to show cause order after failing to appear at the hearing); *but see*

364 F. App'x 408 (10th Cir. 2010) (holding that judicial review is unavailable when a benefits application is denied without a hearing due to a claimant's failure to appear at the hearing, absent the invocation of "colorable constitutional objections raised with respect to the dismissal") (Gorsuch, J.).

In light of this precedent, as well as the Commissioner's decision "to waive any argument that judicial review of the ALJ's dismissal here is not available (while reserving the right to change his position in subsequent cases)," [dkt. 14 at 3 n. 1], and the Court's finding, *see infra*, that Claimant's argument for reversal is plainly without merit, the Court will review the Commissioner's decision to dismiss Claimant's benefits applications due to his failure to appear at the administrative hearing.  The Court reviews the Commissioner's decision for "an abuse of discretion as to the overall conclusion, and substantial evidence as to any fact." *Smith*, 587 U.S. at 487 n. 19.

An ALJ may dismiss a benefits application due to a claimant's failure to appear at the administrative hearing in two circumstances.  First, the ALJ may dismiss the application without providing an opportunity to show cause if the claimant was warned in advance that failing to appear may result in dismissal without further notice and the ALJ does not find good cause to excuse the failure to appear.  20 C.F.R. § 404.957(b)(1)(i).  Second, if the claimant was not warned in advance that failing to appear could result in dismissal without further notice, the ALJ may issue a dismissal after providing claimant with an opportunity to show good cause and a subsequent finding that claimant had failed to show good cause.  20 C.F.R. § 404.957(b)(1)(ii). Claimant argues that the second circumstance applies here and that the ALJ erred by dismissing his benefits applications without providing an opportunity to show cause.  [Dkts. 12, 16.]

Good cause generally exists to excuse a claimant's failure to appear in four circumstances: (1) "when the claimant did not receive proper notification of the scheduled hearing"; (2) "when the claim file does not contain the claimant's written agreement to appear by online video"; (3) when an unforeseeable event prevented claimant or claimant's representative from attending the hearing; or (4) when the claimant's representative withdraws shortly before or during the hearing without notifying the claimant.  POMS HA 01240.025(c)(1)(C), 1993 WL 643012.

Here, the ALJ complied with the requirements for dismissal under 20 C.F.R. § 404.957(b)(1)(i).  Claimant received notice of the hearing in November 2023.  [Dkt. 10-2 at 66.] In February 2024, he was told that failing to appear could result in dismissal without further notice.  [Dkt. 10-2 at 81.]  Claimant agreed in writing to appear by video conference.  *Id.* at 59. There is no evidence that Claimant could not connect to the video conference or that an unforeseeable event prevented him from doing so.  Claimant received a phone number that he could call if he needed to reschedule the hearing, if he had technical difficulties connecting to the video conference, or if "some unexpected problem arises," *id.* at 66, 81, 83, but there is no evidence that he ever called this phone number to report an issue.  No representative had ever appeared on Claimant's behalf, so the issue of an unexpected withdrawal of a representative is inapplicable to the facts of this case.  After considering the applicable factors, the ALJ found that there was no good cause to excuse Claimant's failure to appear, and Claimant's benefits applications were dismissed.  *Id.* at 12-13.

Claimant speculates about hypotheticals that could, potentially, explain his failure to appear at the hearing.  He argues that "[i]t is quite plausible that [he] did not receive the hearing reminder in February of 2025[.]"  [Dkt. 12 at 7 n. 1.]  Or that "he could have been incapacitated

7

or hospitalized at the time of his administrative hearing." *Id.* at 7.  Or that his representative, attorney Rhea Jones-Price, may have withdrawn without his knowledge.  *Id.* at 8-9.

The Court is unpersuaded by Claimant's arguments.  There is substantial evidence that Claimant received the February 2024 reminder warning him that failing to appear at the hearing could result in dismissal without further notice.  The February 2024 notice was mailed to Claimant's residential address, which did not change during these administrative proceedings.  There is also substantial evidence that nothing prevented Claimant from attending the hearing.  Claimant was given a phone number to call if he needed to reschedule the hearing, if he was unable to connect to the video conference, or if anything unexpected arose that prevented him from attending.  Yet there is nothing in the record indicating that Claimant ever attempted to contact SSA to communicate connectivity issues or an unexpected event that prevented him from attending the hearing.  Claimant's argument that he may have been unaware of his representative's withdrawal from the case is wholly without merit because no representative had ever appeared on his behalf.  Claimant's statement to an SSA representative six months prior to the hearing date that attorney Jones-Price would appear on his behalf does not merit reversal.  The SSA representative told Claimant that no attorney had appeared as his representative and warned him that it was his obligation to stay on top of this issue.  [Dkt. 10-2 at 64.]  Claimant either ignored this warning, or he heeded this warning and was aware that Jones-Price never appeared on his behalf.  Neither circumstance would provide good cause to excuse Claimant's failure to attend the hearing.

Claimant also argues that even if he had received the February 2025 reminder, which explicitly warned him that failing to appear at the hearing may result in dismissal "without further notice," [dkt. 10-2 at 81], perhaps he was confused by the "contradiction" between this

document and the November 2024 Notice of Hearing and the December 2024 acknowledgment of the Notice of Hearing. [Dkt. 16 at 2.] This argument fails because there is no contradiction between the documents. The November 2024 Notice of Hearing stated, "[i]f you do not attend the hearing, I may dismiss your request for hearing unless I find that you had a good reason for not attending." [Dkt. 10-2 at 66.] The signed acknowledgment stated, "[y]our request for a hearing may be dismissed if you do not attend the hearing and cannot give a good reason for not attending." *Id.* at 77. Neither document stated that Plaintiff would have an opportunity to show cause *after failing to appear at the hearing*. Any misunderstanding that Claimant might have had on this point would have been corrected by the February 2025 reminder, which explicitly stated that Claimant's benefits applications could be dismissed "without further notice" if he failed to appear at the hearing. *Id.* at 81.

The crux of Claimant's argument throughout his briefs is that the ALJ could not have made a good cause determination without first giving Claimant the opportunity to explain his failure to appear. (*See generally*, dkts. 12, 16). This argument is belied by SSA's regulations, which permits such a finding so long as the claimant was warned in advance that his failure to appear could result in dismissal without further notice. 20 C.F.R. § 404.957(b)(1)(i). SSA's regulations also set forth four examples of good cause that would generally excuse a claimant's failure to appear at a hearing: lack of notice, lack of an agreement to appear by video conference, the unexpected withdrawal of a representative, or an unforeseeable event that prevented Claimant from appearing. POMS HA 01240.025(c)(1)(C), 1993 WL 643012. The ALJ did not require further input from Claimant to review these good cause factors. The ALJ was able to determine from the record that Claimant was sent three advance written notices of the hearing. [Dkt. 10-2 at 13.] The ALJ was also able to determine that Claimant's

9

file contained a written agreement to appear by video conference.  The ALJ noted that Claimant was given a phone number to call to reschedule the hearing or report an issue, but he did not do so.  And as explained above, the unexpected withdrawal of a representative is inapplicable to this case because no representative ever appeared on Claimant's behalf.  Given these circumstances, the Court finds that the ALJ's decision to dismiss Claimant's benefits applications for failing to appear at the administrative hearing was supported by substantial evidence and did not involve an abuse of discretion.  Accordingly, the ALJ's dismissal of Claimant's benefits applications should be affirmed.

### III. Conclusion

For the reasons stated above, the undersigned **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:  6 APR 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email