UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSEPH C.[1], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00357-JPH-MJD |
| | ) | |
| FRANK J. BISIGNANO Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING OBJECTION AND ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Joseph C. sought judicial review of the Social Security Administration's decision to dismiss his request for an administrative hearing after he failed to attend a scheduled hearing. The Magistrate Judge recommended that the Administrative Law Judge's ("ALJ") opinion be affirmed because substantial evidence supported his conclusion that Plaintiff lacked good cause for his absence. Plaintiff objected to that recommendation. For the reasons below, Plaintiff's objection is **OVERRULED**, dkt. [20], and the Court **ADOPTS** the Magistrate Judge's report and recommendation, dkt. [19]. The ALJ's decision is **AFFIRMED**.

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

## I.
## Facts and Background

Plaintiff applied for disability insurance benefits and Supplemental Security Income in February 2023. Dkt. 10-2 at 87, 94. The application was denied in October 2023, and Plaintiff's request for reconsideration was denied in September 2024. *Id.* at 24–28, 32. Later that month, Plaintiff requested a hearing before an ALJ and indicated that he was represented by attorney Rhea M. Jones-Price. *Id.* at 35–36.

On October 1, 2024, Plaintiff received a letter explaining the hearing process and what he needed to do to prepare. *Id.* at 37–52. On October 11, Plaintiff requested that the hearing be conducted by video conference. *Id.* at 59. Ten days later, he confirmed his email and mailing addresses over the phone to an SSA representative. *Id.* at 64. During the call, Plaintiff stated that he was represented by Ms. Jones-Price. *Id.* The representative told him that Ms. Jones-Price hadn't submitted an Appointment of Representation or Fee Agreement on his behalf, and she would not be able to access his records until she did so. *Id.*

On November 22, 2024, the ALJ mailed Plaintiff a Notice of Hearing that provided the date and time of his hearing: March 12, 2025, at 1:45 p.m. *Id.* at 66–71. The Notice stated that "[i]f you do not attend your hearing, I may dismiss your request for a hearing unless I find that you had a good reason for not attending." *Id.* at 67. It provided a phone number for Plaintiff to call if he needed to reschedule. *Id.* On December 10, 2024, Plaintiff acknowledged

receipt of the Notice of Hearing and agreed to attend the hearing as scheduled. *Id.* at 77. The acknowledgment warned that "[y]our request for a hearing may be dismissed if you do not attend the hearing and cannot give a good reason for not attending." *Id.*

On February 12, 2025, Plaintiff was mailed a "Notice of Hearing – Important Reminder," which included the date and time of the hearing and a phone number to call if he had difficulties. *Id.* at 81. The reminder also stated, "[i]f neither you nor your representative (if you have one) attends the hearing, the ALJ may **dismiss** your request for a hearing, without further notice, unless the ALJ finds that you have a good reason for not attending." *Id.* Plaintiff received another hearing reminder by email on March 10, 2025. *Id.* at 83–84.

Plaintiff did not appear at the hearing on March 12, 2025. *Id.* at 12. The next day, the ALJ issued an Order of Dismissal:

> The undersigned has considered the factors set forth in 20 CFR 404.957(b)(2) and 416.1457(b)(2) and finds that there is no good cause for the failure to appear at the time and place of the hearing. The claimant speaks and understands English. The claimant has at least a high school education and physical and mental limitations. However, the evidence supports a finding that the claimant knew about and understood the need to appear at the hearing and was not prevented from doing so. It should be noted that the claimant has a high school education. The claimant requested an online video hearing using Microsoft Teams. The claimant returned the acknowledgement of receipt indicating that he would be available by online video at the time shown on the Notice of Hearing. In that form the claimant agreed that if he was not available, he would immediately notify the Hearing Office. Exhibits 12B and 14B provided claimant the Notice of Hearing and an Important Reminder. Finally, on March 10, 2025, a[n] email reminder was sent to the claimant providing additional information regarding the hearing by online video. Despite this, the claimant failed to appear for his hearing, and failed to notify the Hearing Office of his unavailability.

> Based on the evidence of record, there is no good cause for the claimant's failure to appear.

*Id.* at 13. The Appeals Council denied Plaintiff's request for review on May 28, 2025. *Id.* at 1–2.

Magistrate Judge Dinsmore issued a Report and Recommendation recommending that Plaintiff's request for remand to the agency be denied. Dkt. 19. Plaintiff objected to the Report and Recommendation. Dkt. 20.

## II.
## Applicable Law

"The Federal Magistrate Act grants a district court judge the authority to refer a magistrate judge to conduct hearings and submit proposed findings of facts and recommendations." *Jackson v. United States*, 859 F.3d 495, 498 (7th Cir. 2017) (citing 28 U.S.C. § 636(b)(1)(B)). If a party objects to the recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019). When an applicant seeks judicial review, the Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004); *Smith v. Berryhill*, 587 U.S. 471, 487 (2019) (stating that ALJ's dismissal is reviewed for "abuse of discretion as to the overall conclusion" and "substantial evidence" as to any

fact). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett*, 381 F.3d at 668; *see also Casey v. Berryhill*, 853 F.3d 322, 326 (7th Cir. 2017).

## III.
## Analysis

An ALJ may dismiss a request for a hearing without further notice when the claimant (or his designated representative) fails to appear at a hearing, the claimant was notified that failure to appear may result in dismissal without further notice, and the ALJ finds no good cause. 20 C.F.R. § 404.957(b)(1)(i); 20 C.F.R. § 416.1457(b)(1)(i). The ALJ did so here,[2] and Plaintiff argues that remand is required because (1) he was not adequately informed that failing to appear would result in dismissal "without notice," and 2) the ALJ's good-cause analysis should have considered additional possible reasons for Plaintiff's absence. Dkt. 20.

### A. Adequacy of Notice

Plaintiff argues that he was not adequately informed that his hearing may be dismissed "without notice." Dkt. 20 at 2. He contends that the November 2022 notice and December 10 acknowledgment "impl[ied] Plaintiff would have an opportunity to 'give good reason for not attending'," while only

[2] "The Social Security Act allows for judicial review of 'any final decision . . . made after a hearing' by the [SSA]." *Smith v. Berryhill*, 587 U.S. 471, 474 (2019) (quoting 42 U.S.C. § 405(g)). Though no oral hearing occurred in this case, the Commissioner has waived any argument that this matter is unreviewable under § 405(g). Dkt. 14 at 3 n.1; *see Boley v. Colvin*, 761 F.3d 803, 807 (7th Cir. 2014) (stating that "the need for the presentation of a claim to the agency" is jurisdictional, but "the need for exhaustion of the administrative process" is non-jurisdictional).

the final reminder stated that the hearing may be dismissed "without further notice." *Id.*; dkt. 12 at 6–7. The Commissioner responds that Plaintiff was adequately warned in the February 2025 reminder and that "there was no contradiction in the notices." Dkt. 21 at 2.

An ALJ may dismiss a request for hearing without further notice if the plaintiff was notified of that possibility "before the time set for the hearing." *See* 20 C.F.R. § 404.957(b)(1)(i); 20 C.F.R. § 416.1457(b)(1)(i). The regulations "ensure[ ] only that the claimant is informed, *either before the merits hearing*, § 404.957(b)(i), or afterward, § 404.957(b)(ii), that failing to appear at a scheduled hearing may lead to dismissal absent an adequate explanation for his absence." *Kiiker v. Astrue*, 364 Fed. App'x 408, 411 (10th Cir. 2010) (emphasis added). The ALJ need not develop the record of warnings prior to dismissal if the record shows that the plaintiff received a Notice of Hearing with the required information. *See Louisiana S. v. Commissioner*, No. 3:20-cv-130, 2021 WL 911691 at *5 (N.D.N.Y. Mar. 10, 2021); Hearings, Appeals, and Litigation Manual ("HALLEX") § I-2-4-25(C)(3) (S.S.A.), 1993 WL 643012, at *5–6.

Here, Plaintiff's February 2025 reminder of the hearing said that his hearing may be dismissed "without further notice." Dkt. 10-2 at 66–71, 77, 81. That notice and warning satisfies the regulation's requirement that, at some point before the hearing, the claimant is notified that the hearing may be dismissed without further warning if they do not attend. *See* 20 C.F.R. § 404.957(b)(1)(i). The less detailed prior warnings were not contradictory merely

because they did not say that no further notice was required. And Plaintiff cites no authority suggesting that the ALJ's clear warning in February 2025 was insufficient to notify him about the possibility of dismissal "without further notice," even if the prior notices were less detailed. The ALJ therefore did not err by applying 20 C.F.R. § 404.957(b)(1)(i) and dismissing the hearing without further notice. *See Coe v. Saul*, No. 19-cv-10993, 2020 WL 6729169 at *8 (S.D.N.Y. Nov. 16, 2020).

**B. Consideration of Good Cause**

Plaintiff argues that the ALJ's good-cause analysis is unsupported by substantial evidence because the ALJ cited only the facts that Plaintiff returned his acknowledgment form, had a high school education, and understood English. Dkt. 12 at 5–6; dkt. 20 at 3–4. He contends that the ALJ should have also considered that he may not have received his mail and may have thought that he was represented. Dkt. 12 at 7–10. The Commissioner responds that the ALJ's analysis satisfied the applicable regulation, Plaintiff has not overcome the presumption that properly addressed mail was received, and an SSA representative told Plaintiff that no attorney had filed the required form to represent him. Dkt. 14 at 5–8 (citing 20 C.F.R. § 404.957(b)(1)(i)(2)).

At the outset, any possibility that Plaintiff did not receive the February 2025 notice does not support good cause because a letter properly addressed and placed in the mail is presumed to have been received by the addressee. *See In re Longardner & Assocs., Inc.,* 855 F.2d 455, 459 (7th Cir. 1988); *Hernandez v. Kijakazi*, No. 1:21-cv-2020, 2021 WL 6071455 at *2 (S.D. Ind.

Nov. 18, 2021) (Pryor, M.J.). Moreover, Plaintiff confirmed his mailing address to an SSA representative in October 2024 and had been responsive to SSA correspondence. Dkt. 10-2 at 64, 77.

The ALJ also was not required to consider whether Plaintiff may have thought that he was represented, because Plaintiff was warned about dismissal without further warning under 20 C.F.R. § 404.957(b)(1)(i). Dkt. 12 at 7–10. As explained above, in this situation an ALJ may dismiss a request for hearing without further notice after identifying no good cause for the failure to appear. *See* 20 C.F.R. § 404.957(b)(1)(i). Here, the ALJ considered whether good cause existed because of a physical, mental, educational, or linguistic limitation, and determined that it did not under the evidence in the record. Dkt. 10-2 at 13; *see* HALLEX I-2-4-25(C)(3) (S.S.A.), 1993 WL 643012, at *5–6.

Even if the record suggests that Plaintiff thought he was represented at one point long before his hearing, it also shows that an SSA representative told him that the necessary paperwork had not been filed. Dkt. 10-2 at 64. And Plaintiff does not argue that the record establishes any basis for good cause related to his disability or any difficulty in understanding the Notice of Hearing. *See* HALLEX § I-2-4-25(C)(1) (S.S.A.), 1993 WL 643012, at *2–4.

The ALJ therefore did not err in concluding that Plaintiff had no good cause. *See* dkt. 10-2 at 13 (referencing Plaintiff's education, language ability, and prior responsiveness under 20 C.F.R. § 404.957(b)(2)). *See Coe*, 2020 WL 6729169 at *8 (dismissing complaint because "[t]he regulations are clear that that a request for an ALJ hearing can be dismissed for failure to appear absent

a showing of good cause" and the ALJ had considered the required factors in finding no good cause).

## IV.
## Conclusion

Plaintiff's objection to the Magistrate Judge's Report and Recommendation is **OVERRULED**, dkt. [20], and the Court **ADOPTS** the Report and Recommendation, dkt. [19]. The Court **AFFIRMS** the ALJ's decision.

Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 9/15/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel